UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
Eastern Division

FREDERIC AND LORAINE GAWRY et al.,

Plaintiffs,

v().

COUNTRYWIDE HOME LOANS, INC. et al.,

Defendants.

CASE NO. 1:07 cv 322

**REPLY BRIEF IN SUPPORT
OF COUNTRYWIDE'S MOTION FOR SUMMARY JUDGMENT
AS TO ALL CLAIMS ASSERTED BY PLAINTIFF INGRID CARR**

Plaintiff Ingrid Carr concedes the facts and law supporting Countrywide's Motion for Summary Judgment. Countrywide submitted a Statement of Undisputed Material Facts ("Statement") in support of its Motion which established, using Carr's deposition testimony and documents about her loan, the following undisputed facts (among others):

- Carr's Note had a rider that required her to pay a prepayment charge if she paid off her loan within three years, or by August 24, 2007;

- Carr did not pay off the loan prior to August 24, 2007;

- Carr did not respond to discovery about her damage claims, and provided no documents or evidence supporting those claims; and

- On December 15, 2008, Carr's property was sold pursuant to an order of sale issued by the Court of Common Pleas for Cuyahoga County, Ohio.

"Memorandum of Points and Authorities in Support of Countrywide's Motion for Summary Judgment as to All Claims Asserted by Plaintiff Ingrid Carr" (Mar. 23, 2009)(Motion) at 5-6. Carr did not respond to the Statement or contest any of the facts Countrywide established. "Plaintiff Ingrid Carr's Memorandum in Opposition to Countrywide's Motion for Summary

Judgment As To All Claims Asserted by Plaintiff Ingrid Carr" (May 4, 2009)("Opposition"). Accordingly, the Court should deem those facts admitted.[1]

Countrywide also provided legal authority demonstrating, based on the undisputed facts, that it was entitled to judgment as a matter of law. This authority established (1) that Carr may not obtain reformation or rescission of the rider, or equitable, injunctive or declaratory relief, because the rider expired and later was extinguished when her home was sold; and (2) that Carr cannot recover damages because she abandoned the claim and lacks admissible evidence of damage. Motion at 8-15. Because Carr did not respond to these arguments, she has conceded them as well. McDonald v. Ford Motor Co., 208 F. Supp. 2d 837, 847 (N.D. Ohio 2002).

Unable to contest the facts or law, Carr raises three brief arguments to try and forestall summary judgment. As Countrywide demonstrates below, each is meritless, and provides no reason why summary judgment should not be entered for Countrywide.

Recognizing summary judgment is inevitable, Carr's counsel asks that the Court order Countrywide to produce to them the mortgages, notes and other loan documents for all putative Class II members, so that counsel can identify and contact class members to try and find a new plaintiff to intervene in Carr's place. The Court need not consider this discovery request, which has nothing to do with the issues raised by this Motion, and which is procedurally defective because counsel has not filed a motion to compel or otherwise complied with Rule 37 requirements. But counsel's request for discovery is improper in multiple respects. Counsel wants to use discovery to locate new clients, but the Federal Rules may not be used for that

---

[1] Williams v. Rumsfeld, No. 06-833, 2006 WL 2934051 at * 2 (N.D. Ohio Oct. 21, 2006)(defendant's statement of undisputed facts "will be deemed admitted" because no opposition filed); Fed. R. Civ. P. 56(e)("If the opposing party does not so respond [to a statement of facts], summary judgment should, if appropriate, be entered against that party").

purpose as a general matter and especially in putative class actions. Counsel also fails to account for the fact that putative class members have privacy rights not to have their identities and loan information disclosed to others, and counsel cites no authority allowing them to intrude on those rights. Finally, the request by Carr's counsel violates two agreements in which they agreed not to seek class member identities in discovery, as well as an Order this Court issued embodied the parties' agreement. The Court should reject counsel's request for discovery, grant Countrywide's Motion, and enter judgment in its favor on all claims asserted by Plaintiff Ingrid Carr.

### I. Carr Offers No Valid Argument Precluding Summary Judgment.

Carr provides weak arguments to try and avoid summary judgment. She first contends:

> Ohioans, including Ingrid Carr, have a legally protected interest, under R.C. § 1343.011(C) ***to pay prepayment penalties*** to lenders governed by Ohio law only up to a maximum amount of 1% of their original principal loan balance. Countrywide's violation of R.C. § 1343.011(C), and invasion of Ingrid Carr's legally protected interest, is alone sufficient to afford her standing.

Opposition at 7 (emphasis added). This argument is easily dispensed with – Carr did not pay a prepayment charge to Countrywide, and so there was no "invasion" of the interest she purports to protect. Countrywide's Motion also does not assert that Carr lacked standing to sue because she never had a protected interest required to file the lawsuit initially. Rather, Countrywide argued that, because Carr's rider expired and later became extinguished, and because she tendered no admissible evidence of damages, she is not entitled to receive the relief she sought in her complaint. Motion at 7-8.[2]

---

[2] Carr cites inapposite cases. Korman v. The Walking Co., 503 F. Supp.2d 755 (E.D. Pa. 2007), involved a provision of the Fair and Accurate Credit Transactions Act of 2003 prohibiting retailers from printing customers' personal information on credit card receipts; the plaintiff had compensable harm because Congress authorized an award of statutory for violations even when no actual damages existed. Id. at 759. Carter v. Welles-Bowen

Carr next asserts, without citing authority, that 28 U.S.C. § 2201 "vests this Court with the power and responsibility to" issue a declaration that her prepayment provision is void and unenforceable. Opposition at 8. She is wrong. As Countrywide previously showed, a court may not issue a declaration under the Declaratory Judgment Act when no actual controversy exists between the parties, and no controversy exists as to a rider which expired in August 2007, and which was extinguished when Carr's property was sold. Motion at 5. Carr simply ignores these cases, which establish that she cannot not obtain a declaration with respect to the rider.

Finally, Carr asserts that she can avoid summary judgment under an exception to the mootness doctrine because Countrywide's conduct is "capable of repetition, yet evading review." Opposition at 9. This exception affords no help to Carr because it applies only when the challenged action is "in its duration too short to be fully litigated prior to its cessation or expiration" and "there [is] a reasonable expectation that the same complaining party would be subjected to the same action again." Ahmed v. University of Toledo, 822 F.2d 26, 28 (6th Cir. 1987). Carr has not shown the duration requirement – her prepayment rider lasted a full <u>three years</u>, providing more than adequate time to pursue her claims. Ahmed, 822 F.2d at 28 (exception inapplicable where student had four years to challenge University Health plan). Carr also has not demonstrated a "reasonable expectation" she would face the same circumstances again. This would require Carr to obtain another mortgage loan and agree to a prepayment provision in excess of Ohio law limits, and it seems highly unlikely that Carr would make such an agreement in the future.

---

Realty, Inc., 553 F.3d 979 (6th Cir. 2009), involved provisions of the Real Estate Settlement Procedures Act forbidding kickbacks and unearned fees in connection with referrals of settlement services; the Sixth Circuit held that even if no overcharges for services occurred, the plaintiffs sustained "an injury-in-fact," and could sue for damages sustained, because they "were given kickbacks sullied by referrals." Id. at 989.

## II. Counsel's Request For Discovery Is Irrelevant, Procedurally Improper, And Lacks Any Substantive Basis.

Carr's counsel suggests that, if Countrywide is "somehow able to silence Ingrid," the Court should order Countrywide to "disclose the Class II members" and "produce the mortgage-related documents previously requested in this case" to counsel, and then "afford sufficient time" for a member of putative Class II to intervene as a plaintiff in this action. Opposition at 12. The request is improper, and the Court should disregard it, or strike it from Carr's brief under Fed. R. Civ. P. 12(f), and enter summary judgment for Countrywide.

First, counsel's discovery request is unrelated to any issue raised in Countrywide's summary judgment motion, and thus is "immaterial" matter that should be stricken under Rule 12(f). Indeed, if summary judgment is required as to Carr's claims, she will no longer remain as a plaintiff, adequacy of representation will not exist as to putative Class II, and certification must be denied – and in that circumstance counsel cannot litigate on behalf of a putative class in absentia. As one court held in denying a similar request: "Plaintiffs' counsel cannot use the Federal Rules of Civil Procedure as a device to force defendant to assist them in finding a plaintiff and establishing subject matter jurisdiction so they can sue defendant." In re Mortgagors of Temple-Inland Mortgage Corp., No. 99-4633, 2001 WL 177181 at *2 (E.D. Pa. Jan. 24, 2001).

The discovery request also should be disregarded because it is procedurally improper. Counsel is asking the Court to compel Countrywide to produce discovery, but they have not filed a motion to compel as required as required by Rule 37. Counsel also has not certified that it met and conferred with Countrywide, as all litigants must do before approaching the Court with a discovery dispute. And, counsel also violates Local Rule 37.1(b); it requires that all discovery

5

disputes be brought to the Court's attention within ten days after discovery closes, and Phase I discovery ended on February 2, 2009.

If consideration is given to counsel's discovery request at all, the Court should reject the request outright. Most fundamentally, counsel's request is entirely improper under the Federal Rules. As a general matter, the discovery rules were enacted to allow parties to seek information about their claims, not to allow lawyers to search for clients. If summary judgment is required as to Carr, her counsel cannot use the discovery rules as a fishing expedition to help them to find a new class representative. See Hatch v. Reliance Insurance Co., 758 409, 416 (9th Cir. 1985)(rejecting discovery of class member identities "in order to solicit support for [counsel's] efforts to certify the class"); Flanigan v. American Finance System of Georgia, 72 F.R.D. 563, 563 (M.D. Ga. 1976)("Rule 23 should not be used as a device to enable client solicitation"). The filing of a case as a putative class action under Rule 23 likewise does not allow discovery to identify class members – such discovery is routinely denied before a class is certified because it does not relate to Rule 23 requirements. See, e.g., Dziennik v. Sealift, Inc., No. 05-CV-4659, 2006 WL 1455464 at * 1 (E.D.N.Y. May 23, 2006)(denying motion to compel identities of class members, which did not "establish the appropriateness of certification"); Robbins v. NCO Financial Systems, Inc., No. 06-116, 2006 U.S. Dist. LEXIS 89962 at *14-15 (N.D. Ind. Dec. 12, 2006)(denying discovery of class member identities, which did not relate to "the class certification requirements of Rule 23"); Bird Hotel Corp. v. Super 8 Motels, Inc., No. 06-4073, 2007 U.S. Dist. LEXIS 7513 at * (D.S.D. Feb. 1, 2007)("No cases have been supplied which support precertification discovery of identification" of putative class members").

Counsel also ignores that Countrywide's borrowers have a right to privacy with respect to their identities and their Countrywide loans.[3]  The putative class members have not consented to disclosure of their personal information to lawyers with whom they have no relationship, and because the Court has not certified any class in this lawsuit, Carr's counsel has not been appointed to represent and does not represent the putative class members.  Morisky v. Public Service Electric & Gas Co., 191 F.R.D. 419, 424 (D.N.J. 2000); ABA Formal Opinion No. 07-445 (Apr. 11, 2007).  Carr's counsel accordingly has no legitimate basis – nor have they cited any – for obtaining personal information of putative class members.

Finally, counsel's request for discovery violates their own agreements.  In October 2008, Plaintiffs and Countrywide agreed on a plan under which discovery before certification would be limited to "the claims of Plaintiffs and the class certification factors set forth in Rule 23," "Joint Proposed Scheduling Plan" (Oct. 16, 2008)(Docket No. 57) at pp. 6-7, and this Court adopted this limitation on discovery in an Order issued on October 10, 2008.  Later, Plaintiffs served discovery seeking mortgages and notes of putative class members, but in response to Countrywide's objections agreed that Countrywide <u>need not</u> produce the information in discovery.[4]  Counsel should not be allowed to jettison their agreements simply because summary judgment now appears inevitable.

### III. Conclusion

Carr agrees that summary judgment is required when "there remains no genuine issue of material fact for the jury, and reasonable minds could come to but one conclusion in favor of the moving party."  Opposition at 5-6.  Both conditions exist here.  Accordingly, Defendants

---

[3]  See, e.g., 15 U.S.C. § 6802(a)(Gramm-Leach-Bliley Act prohibits lenders from disclosing personal information about borrowers to non-affiliated third parties).

[4]  Letter from Joseph F. Yenouskas to Nicholas DiCello (Mar. 6, 2009), attached as Exhibit 1.

Countrywide Home Loans, Inc. and Countrywide Home Loans Servicing LP respectfully request that the Court grant their Motion, and enter summary judgment in their favor on all claims asserted by Plaintiff Ingrid Carr.

                                  Respectfully submitted,

/s/Barbara Friedman Yaksic_____
Barbara Friedman Yaksic
MCGLINCHEY STAFFORD, PPLC
25550 Chagrin Boulevard, Suite 406
Cleveland, OH 44122
Tel: (216) 378-9905

Joseph F. Yenouskas (*pro hac vice*)
Maria B. Green (*pro hac vice*)
GOODWIN PROCTER LLP
901 New York Ave., N.W.
Washington, DC 20001
Tel: (202) 346-4000

Attorneys for Defendants

Dated: May 27, 2009

LIBW/1708437.2

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 27, 2009, I caused to be served a true and correct copy of REPLY BRIEF IN SUPPORT OF COUNTRYWIDE'S MOTION FOR SUMMARY JUDGMENT AS TO ALL CLAIMS ASSERTED BY PLAINTIFF INGRID CARR via the Court's electronic filing system on the following:


Dennis R. Lansdowne, Esq.
Stuart E. Scott, Esq.
Nicholas A. Dicello, Esq.
SPANENBERG, SHIBLEY & LIBER, LLP
1900 East Ninth Street, Suite 2400
Cleveland, OH  44114
(216) 696-3232

Russell W. Harris, Esq.
13215 Detroit Avenue
Lakewood, OH  44107
(216) 228-7835

*Attorneys for Plaintiffs Frederic and Loraine Gawry and Ingrid N. Carr*


                                                  /s/Barbara Friedman Yaksic
                                                   Barbara Friedman Yaksic